IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                              **CAUSE NO. 1:16-CR-98-LG-JCG-3**

**ALISHA SMITH**

## ORDER DENYING MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is the [221] Motion for Reconsideration filed by the defendant, Alisha Smith. The Government filed a [226] Response in Opposition, to which Smith did not reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Smith's Motion should be denied.

## BACKGROUND

On June 25, 2020, Smith filed a *pro se* Motion for Compassionate Release, claiming that the number of COVID-19 cases are rising in Alabama, and that she would like to spend time at home to take care of her mother, who has lung disease. (Def.'s Mot., at 1-2, ECF 200). On July 10, 2020, the Government filed a response in opposition to the Motion arguing, *inter alia*, that Smith failed to exhaust her administrative remedies. This Court entered an Order denying Smith's Motion because Smith failed to exhaust her administrative remedies. Smith now seeks reconsideration of the Court's denial. She claims that she has submitted multiple requests to the Reduction-in-Sentence Coordinator, but that the "facility refuses to respond or update her." (*See* Mot. Reconsider, at 1, ECF No. 221; *see also* Mot. Reconsider, Ex. 1, ECF No. 221-1).

-1-

## DISCUSSION

Although Motions to Reconsider "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991). Courts apply the standards set forth in Rule 59(e) of the Federal Rules of Civil Procedure to motions for reconsideration in the criminal context. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75, 78-79 (1964)) (discussing application of civil standard to criminal actions in the context of motions for rehearing at the appellate level). Motions for reconsideration serve "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 157 (5th Cir. 2017) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation omitted)). Amending a judgment is appropriate under Rule 59(e) "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017). Thus, relief under Rule 59(e) is an extraordinary remedy that should be used sparingly. *See Templet*, 367 F.3d at 479.

Here, Smith presents evidence that allegedly proves that the facility failed to respond to her requests for a reduction in sentence. (See Mot. Reconsider, Ex. 1, ECF No. 221-1). However, after reviewing the evidence, the Court finds Smith's

alleged "newly discovered evidence" inadequate. Mainly, Smith's request for a reduction in sentence is accompanied with a reply from the Reduction-in-Sentence Coordinator advising Smith of the criteria she must have to be considered for home confinement. (*See id.*). The Coordinator states that: "If you do not have the above listed information in your request, it is considered incomplete." Smith has been apprised of the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A). (*See* Order, ECF No. 220). Since her request was denied as incomplete before the lapse of 30 days, she must fully exhaust her administrative remedies with the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *2 (5th Cir. Sept. 3, 2020); *United States v. Allen*, No. 1:15cr36-HSO-RHW-1, 2020 WL 3159180, at *2 (S.D. Miss. June 12, 2020); *United States v. Martin*, No. 3:16-CR-70-DPJ-LRA, 2020 WL 3065302, at *2-3 (S.D. Miss. June 9, 2020). Thus, the Court cannot disturb her sentence.

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [221] Motion for Reconsideration filed by the defendant, Alisha Smith, is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of October, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE